UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JESSE T. BUCHANAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-01607-WTL-DLP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT, DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 AND DENYING A CERTIFICATE OF APPEALABILITY**

### I. Motion to Alter or Amend Judgment

Petitioner Jesse T. Buchanan requests that the Court alter or amend its judgment because he argues that, contrary to the Court's Order, his sentence did depend on a finding that he was a career offender and because *Douglas v. United States*, 858 F.3d 1069 (7th Cir. 2017), does not foreclose his claim. Dkt No. 42. Mr. Buchanan's motion to alter or amend its judgment, Dkt. No. 42, is **granted** to the extent that the clerk shall **vacate the Entry and the Judgment** issued on August 29, 2018. Dkt. No. 39; Dkt. No. 40. For the reasons explained below, however, he is still not entitled to the relief he seeks.

### II. Motion for Relief Pursuant to 28 U.S.C. § 2255

Mr. Buchanan's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and this action **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

### A. § 2255 Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

### B. Background

On December 11, 2002, after a three-day jury trial, Mr. Buchanan was convicted in the United States District Court for the Southern District of Indiana of four counts of trafficking cocaine in violation of 21 U.S.C. § 841(a)(1). *USA v. Buchanan*, No. 1:02-cr-00046-WTL-KPF (hereinafter "Crim. Dkt."), Dkt. No. 1 at 7 (S.D. Ind.).

In preparation for sentencing, the United States Probation Office prepared a presentence report (PSR). *See* Dkt. No. 33 (Sealed). Under the 2002 United States Sentencing Guidelines ("U.S.S.G."), Mr. Buchanan had a base offense level of 34, and two levels were added because a firearm and other illegal contraband was found in Mr. Buchanan's residence, raising his total offense level to 36. *Id.* ¶¶ 18-19. He was also determined to be a career offender because of two or more prior felony drug convictions and crimes of violence as defined in § 4B1.1. However, because the offense level for a career offender of 34 was lower than the level otherwise applicable

in the case, the offense level of 36 from his underlying conviction was the applicable offense level for his sentence. *Id.* ¶ 26. An offense level of 36 combined with a criminal history category VI, resulted in a Guidelines imprisonment range of 324 to 405 months. *Id.* ¶ 74.

Mr. Buchanan was sentenced to 400 months' imprisonment. Crim. Dkt. No. 1 at 10. Mr. Buchanan appealed his sentence, but the Seventh Circuit affirmed his sentence. *United States v. Buchanan*, 362 F.3d 411 (7th Cir. 2004).

On May 2, 2006, Mr. Buchanan filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. Crim. Dkt. 1 at 14. The Court denied his motion. *Id.*

On November 14, 2009, Mr. Buchanan filed a second motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. Crim. Dkt. 1 at 15. The Court dismissed his motion for lack of jurisdiction. *Id.*

In 2015, the Supreme Court in *Johnson* held that the so-called residual clause of the ACCA (Armed Career Criminal Act) was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that 1) "has as an element the use, attempted use or threatened use of physical force against the person of another;" 2) "is burglary, arson, or extortion, [or] involves the use of explosives;" or 3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). These three "clauses" are respectively known as 1) the elements clause, 2) the enumerated clause, and 3) the residual clause. In *Johnson*, the Supreme Court ruled that the residual clause was unconstitutionally vague. In *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Supreme Court discussed applying a modified categorical approach when analyzing whether past convictions are counted under the enumerated

3

clause of the ACCA. The career offender enhancement (§ 4B1.1) in the United States Sentencing Guidelines (U.S.S.G) contains language similar to the ACCA.

On June 20, 2016, Mr. Buchanan filed an application with the Seventh Circuit seeking authorization to file a successive motion to vacate under § 2255 limited to a claim under *Johnson*. On June 23, 2016, the Seventh Circuit granted the application and authorized the Court to consider Mr. Buchanan's *Johnson* claim. *Buchanan v. USA*, No. 16-2527 (7th Cir. June 23, 2016).

**C.    Discussion**

Mr. Buchanan seeks relief pursuant to § 2255 arguing that his prior Indiana battery felony conviction is not a predicate offense in view of the Supreme Court decisions under *Johnson* and *Mathis*. Dkt. No. 25; Dkt. No. 26. The United States argues that the Court is only authorized by the Seventh Circuit to consider Mr. Buchanan's *Johnson* claim, which was foreclosed by the Seventh Circuit's holding in *Douglas v. United States*, 858 F.3d 1069 (7th Cir. 2017). Dkt. No. 32. In reply, Mr. Buchanan argues that he is not raising a *Mathis* claim and reiterates that his Indiana battery conviction is not a predicate offense under § 4B1.1 of the Guidelines.

Mr. Buchanan concedes and does not dispute the presentence report's recitation of his prior conviction for battery by means of a deadly weapon, a class C felony in Delaware County, Indiana, Case No. 18C01-9304-CF-26. *See* Dkt. No. 25 at 4. According to the Information filed in that case, Mr. Buchanan shot an individual in the leg with a handgun.

The 1993 version of Ind. Code § 35-42-2-1(a)(3), the statute for which Mr. Buchanan was convicted, provides that:

> (a)  A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is: (3) A Class C felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon.

4

The Seventh Circuit has held that both prongs of Ind. Code § 35-42-2-1(a)(3) fall under the elements clause of the ACCA, which defines "violent felony" as an offense which "has as an element the use, attempted use or threatened use of physical force against the person of another." *See United States v. Taylor*, 630 F.3d 629, 634 (7th Cir. 2010) (holding that Indiana battery committed by means of a deadly weapon satisfied the elements clause, as it would entail at least a threatened use of force); *Douglas v. United States*, 858 F.3d at 1072 ("Indiana's [felony C battery] statute makes intent to use force an element of the offense; that satisfies the elements clause.").

Because *Johnson* is applicable only to the residual clause of the ACCA, and not the elements clause, *Johnson* provides no relief to Mr. Buchanan. Nor do recent Supreme Court precedent, such as *Mathis*, change the Seventh Circuit's holding in *Taylor* that committing battery by means of a deadly weapon includes the element of, at least, a threatened use of force. Additionally, any non-*Johnson* claim is barred here as this is Mr. Buchanan's successive § 2255. *See Hrobowski v. United States*, __ F.3d __, 2018 U.S. App. LEXIS 26266, *7-8 (7th Cir. Sept. 17, 2018) ("A finding that one predicate offense can no longer be relied on in light of *Johnson* does not open the door to other time-barred claims against the petitioner's sentence.").

*Johnson* does not apply to grant relief to Mr. Buchanan for his conviction as a career offender. Mr. Buchanan was properly convicted and sentenced. The motion for relief pursuant to § 2255 is **denied.**

### D. Conclusion

For the reasons explained in this Order, Mr. Buchanan is not entitled to relief on his § 2255 motion. His sentence is not unconstitutional. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the clerk shall **docket a copy of this Entry in No.** 1:02-cr-00046-WTL-KPF**.**

### III. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not find this Court's "assessment of the constitutional claims debatable or wrong," or find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 9/26/18

*William T Lawrence*

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

JESSE T. BUCHANAN
04999-028
MILAN - FCI
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov